## *IN RE* CONANT'S CLAIMS.

1. On appeal to the Circuit Court from an order by the Board of County Commissioners refusing to audit certain claims presented against the county, an order was passed by the Circuit judge at chambers, and without notice to the board or its attorney, directing the board to audit these claims. *Held*, that the order of the Circuit judge was invalid, because made out of court and without notice.

2. *Semble. Mandamus* is the proper proceeding to require a Board of County Commissioners to audit claims against the county.

3. Even if there had been a written agreement that the matter should be informally presented to the judge for his decision, it would not have been proper for one of the parties to obtain a decision at chambers without notice to the other party and in his absence.

Before Pressley, J., Beaufort, March, 1883.

The opinion states the case.

*Mr. William Elliott*, for appellant.

*Mr. W. J. Verdier*, contra.

July 3, 1884. The opinion of the court was delivered by

Mr. Justice McGowan. This is certainly a novel proceeding. One John Conant being the owner, as alleged, of certain papers called warrants, drawn upon the treasurer of the county of Beaufort, in the year 1876, by L. S. Langley, then the auditor of said county of Beaufort, and alleged to have been given to other parties for services rendered in making the assessment of property for taxation in that year, applied for a writ of *mandamus* to require the treasurer of said county to pay said warrants, amounting in the aggregate to $995. This court refused the *mandamus*, on the ground that the claim had not been examined and approved by the county commissioners, as required by section 23 of the act of 1875, 15 *Stat.*, 993. See *State ex relatione Conant* v. *Fuller*, 18 *S. C.*, 246.

Thereupon the said Conant, on December 28, 1882, applied to the then board of county commissioners for Beaufort county to

audit said claim; but they declined, on the grounds that the claims had not been presented in the year in which they were given (1876); that they had been previously refused audit by the board, and that, after the lapse of more than six years, they had not now the power or right to audit them as debts of the county, especially after the passage of the act of 1882 (*General Statutes*, § 623, and note, § 7), which declares "that all claims against a county not presented in the fiscal year in which they were contracted, or the next thereafter, shall be forever barred," &c.

From this refusal of the county commissioners to audit his claims, the said Conant gave them notice of appeal, on March 26, 1883, to "the Circuit Court." It seems that at the time the notice of appeal was accepted, the attorney for the appellant, Conant, considered that there was a verbal understanding that he might present the matter "informally to the judge." At all events, the case was not docketed in the Circuit Court, nor heard during the term; but after the adjournment *sine die*, the matter was presented to Judge Pressley at chambers, entirely *ex parte*, in the absence of the attorney for the commissioners, who had no notice whatever of the time or place of hearing. Under these circumstances, Judge Pressley heard the appeal and made the following order: "It is ordered that the judgment of the county commissioners made in above matter on the 28th day of December, 1882, be overruled, and the case remanded to the county commissioners, with instruction to audit the claims of the appellant referred to, if they should be found to be proper claims, and to pay the same, if there be funds in the treasury applicable to the judgment thereof," &c.

From this order the county commissioners appeal to this court upon the following exceptions: "1. Because the notice of appeal from the decision of the county commissioners was not served within the time prescribed by law. 2. Because said appeal from the decision of the county commissioners was not docketed upon the proper calendar of the Court of Common Pleas. 3. Because said appeal was heard and determined by his honor at chambers, and not in court, and the county commissioners had no opportunity of being heard. 4. Because his honor erred in holding that the present board of county commissioners had the power to

audit said claims. 5. Because his honor erred in overruling the refusal of the county commissioners to audit said claims on December 28, 1882, when said county commissioners had previously refused to audit said claims, from which refusal no appeal had been taken."

We cannot consider this as a consent proceeding. The very fact that it is here shows that it is not. The county commissioners have appealed, and the questions made must be decided according to the strict rights of the parties, without regard to any alleged stipulations which were not committed to writing. From the view we take, it will not be necessary to consider any of the grounds of appeal, except the third, which complains that the appeal from the decision of the county commissioners was heard and determined *at chambers*, and the county commissioners had no opportunity to be heard. This, of course, must be conclusive against the validity of the order below, as no judgment rendered out of court, and in the absence of the party interested, can be valid and binding, unless it be in one of those special cases allowed to be heard at chambers.

If this is to be regarded as a proceeding against the board of county commissioners to make them, according to what is alleged to be their plain duty, enter upon and audit the warrants under the circumstances stated, we are at a loss to perceive how that question can be made, except by regular *mandamus*. *Moses Mand.*, 104; *State, ex rel. Marshall*, v. *Starling*, 13 *S. C.*, 266. If it is to be regarded as really an action by Conant against the county of Beaufort for the recovery at law of a debt, serving the county commissioners only as a means of making the county defendant in the action, then it was certainly necessary that the party most deeply interested should have had notice of the time and place of trial. But, in either case, the first appeal of Conant being to "the Circuit Court," and not to a judge at chambers, there was no authority whatever to hear the case at chambers, and without notice to the attorney representing the county.

Even if the stipulations to the full extent and in the terms claimed had been in writing, and therefore binding, we fail to see that they went so far, in express terms, as to allow one of the parties, without the presence of any one representing the com-

missioners or the county, to take the decision of a Circuit judge at chambers.   Such a stipulation would not be presumed from what was said, for, as it seems to us, it would not have been in accordance with their duty to the county nor consistent with their own acts in refusing to audit, and in appealing from the order requiring them to do so.   See *Grierson* v. *Harmon,* and *Werts* v. *Spearman,* 16 *S. C.,* 618, where it is ruled that "a judge at chambers can only hear such cases as are provided for by statute, and there is no provision for hearing such a case at chambers.   Notwithstanding the verdict of the jury, the parties had a right to have a hearing by the court upon the merits, and such hearing could not be had at chambers—certainly not without the consent of all the parties."

The judgment of this court is that the judgment below be reversed.